UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                          Case No. 3:20-cr-634

         Plaintiff,

     v.                                         MEMORANDUM OPINION
                                                   AND ORDER

Andy Ross Thomas,

         Defendant.

## I. INTRODUCTION

Defendant Andy Ross Thomas seeks to suppress evidence seized during a search of two vehicles Thomas owned, as well as statements Thomas made during and immediately after his arrest. (Doc. No. 15). The government filed a brief in response to Thomas' motion, arguing it should be as moot because the government does not intend to offer the challenged evidence or statements during its case-in-chief. (Doc. No. 19). Thomas then filed a brief in reply, contending the motion is not moot. (Doc. No. 21). For the reasons stated below, I deny Thomas' motion.

## II. BACKGROUND

In April 2020, Thomas attempted to purchase a firearm from a local firearms dealer. As part of the purchase, Thomas filled out a required Firearms Transaction Record form ("ATF Form 4473") used to determine whether a potential firearms purchaser is prohibited from state or federal law from obtaining a firearm. The government alleges Thomas knowingly provided a false answer in response to a question on the ATM Form 4473 "to the effect that . . . he was not the subject of

any court order restraining him from harassing[,] threatening[,] or stalking an intimate partner."
(Doc. No. 1 at 1).

Thomas was charged by indictment in October 2020 and arrested on November 15, 2020, pursuant to a warrant issued following the indictment. He now moves to suppress evidence stemming from his arrest.

### III.    ANALYSIS

The Fourth Amendment generally requires law enforcement officers to obtain a warrant, based upon probable cause, before searching a location in which an individual has a reasonable expectation of privacy. *See, e.g., Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) ("When an individual 'seeks to preserve something as private,' and his expectation of privacy is 'one that society is prepared to recognize as reasonable,' we have held that official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause.") (further citation omitted). Probable cause is the "reasonable grounds for belief" that evidence of a crime may be found in a certain place or location. *United Stated v. Lattner*, 385 F.3d 947, 951 (6th Cir. 2004) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). "Probable cause exists when there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Loggins*, 777 F.2d 336, 338 (6th Cir. 1985) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

A defendant is entitled to an evidentiary hearing on a motion to suppress "only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Ickes*, 922 F.3d 708, 710 (6th Cir. 2019) (quoting *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006)). A hearing is not required if there are no "issues of fact material to the resolution of the defendant's constitutional claim." *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996).

2

I conclude an evidentiary hearing is not warranted and deny Thomas' motion to suppress without prejudice.

Thomas contends officers violated his Fourth and Fifth Amendment rights when searching his vehicles and in eliciting statements from him after he requested a lawyer. (Doc. No. 15). The government asserts the motion is moot because it will not seek to offer the evidence during its case-in-chief. (Doc. No. 19 at 2).

While Thomas raises concerns about the government's indication that it may introduce the evidence in rebuttal, (Doc. No. 21 at 1-2), the government's right to do so is well-established even if I were to grant the Defendant's suppression motion. *See, e.g., United States v. Spikes*, 158 F.3d 913, 928 (6th Cir. 1998) ("[T]his court has consistently held that the admission of suppressed evidence is permissible when the defendant has opened the door on the topic.") (citing *United States v. Segines*, 17 F.3d 847, 856 (6th Cir. 1994), and *United States v. Ramos*, 861 F.2d 461, 468 (6th Cir. 1988)).

Nor is there substantial reason for concern the government will not keep to its representation that it will not attempt to offer the challenged evidence in its case-in-chief. Courts have sufficient remedies at their disposal to enforce representations such as this one. *See Spikes*, 158 F.3d at 928 ("In sufficiently egregious circumstances, the suppression of evidence or the dismissal of the case altogether might be called for.").

Thomas also argues his motion is not moot because the government has indicated to him that it may seek a superseding indictment to add an additional charge related to possession of a firearm. (*See* Doc. No. 21 at 2-3). He contends this potential additional charge would endanger the current trial date set for January 5, 2022 and also lead to the introduction of evidence that would be of little or no probative value, but highly prejudicial, to the existing false-statement charge. (Doc. No. 21 at 3).

But, to the extent Thomas relies on uncertain future events, his motion is premature. While Thomas may believe a superseding indictment is forthcoming, that does not mean suppression is an appropriate remedy based on the record before me. Moreover, Thomas has not shown I have the authority to issue a ruling (if I were to conclude such a ruling would be proper) which would have the sole effect of prohibiting the government from seeking a grand jury indictment as to a firearms possession charge which is outside of the scope of the indicted conduct in this case.

That is not to say that this is the end of the matter should the government seek and obtain a superseding indictment bringing new charges against the Defendant. "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant . . ., the court may order separate trials of counts, . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Thomas implies he is not willing to waive his speedy trial rights with respect to the false-information charge, and even a superficial review reveals that a potential superseding indictment returned only a few weeks before the long-scheduled trial date – and more than a year after a grand jury returned the original indictment – raises the specter of prejudice as to those rights.

But those issues remain speculative. As for the charge at issue here, the government represents it will not offer the challenged evidence during its case-in-chief. That representation is sufficient to moot Thomas' motion and I will certainly hold the government to that representation.

### IV. CONCLUSION

For the reasons set forth above, I deny without prejudice Thomas' request for a hearing and his motion to suppress. (Doc. No. 15).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4