# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **ANDY ROSS THOMAS,** <br><br> *Defendant*. | Case No: 3:20-cr-634 <br><br> Hon. Jeffrey J. Helmick <br><br> **MOTION *IN LIMINE* TO ADMIT EVIDENCE RELATED TO THE FALSITY OF ACCUSATIONS THAT GAVE RISE TO THE PROTECTIVE ORDER AND ARREST FOR VIOLATING THE PROTECTIVE ORDER** <br><br> Gregory M. Gilchrist <br> 2801 West Bancroft St. <br> MS 507 <br> Toledo, Ohio 43606 <br> (419) 530-2712 <br> greg.gilchrist.law@gmail.com <br><br> **ATTORNEY FOR DEFENDANT** |

The defendant, Andy Ross Thomas, by and through undersigned counsel, hereby moves *in limine* to admit evidence that the accusations giving rise to the protective order and leading to Mr. Thomas' arrest for violating the protective order were false.

This Motion relates to and incorporates by reference the Motion in Limine to Define the Scope of Relevant Evidence. After filing that motion, the defense proposed a stipulation to certain facts that would eliminate the risk of prejudice based on irrelevant speculation and thus obviate the need for much of the evidence anticipated

in that motion. *See* Letter Dated December 15, 2021 attaching Proposed Stipulation No. 4, attached hereto as Exhibit A.

The government has refused to stipulate which underscores the need for the defense to raise these issues and introduce this evidence at trial. Since the abuse allegations and allegation of violating the Order of Protection are indisputably irrelevant and prejudicial, the government's refusal to remove these suggestions from the case both necessitates a broader proof from the defense and, troublingly, suggests the government may seek to benefit from irrelevant and prejudicial suggestion.

Basically, as outlined in the previous motion, whether or not Mr. Thomas abused Ms. Howell or violated the Order of Protection is irrelevant to any valid question at trial. However, the government's method of proof will squarely raise those questions and risk Mr. Thomas being convicted based on mere speculation about character. This process poses a dire threat to Mr. Thomas' right to a fair trial.

The government believes it needs evidence of the Order of Protection and arrest for violating that Order to argue knowledge of the Order on Mr. Thomas' part. The defense has offered to stipulate to the pendency and validity of the Order and arrest and subsequent prosecution if the government will stipulate to three facts to eliminate speculation as to matters that everyone should agree are irrelevant to the trial and only risk unfair prejudice to the defendant:

> (1) The girlfriend who made the allegations giving rise to the Order of Protection has a history of deceit, unfounded accusations, and lying to law enforcement;

2

>   (2) Mr. Thomas did not abuse his girlfriend; and
>
>   (3) While Mr. Thomas' arrest and prosecution for violating the Order of Protection were lawful and valid, ultimately Mr. Thomas did not violate the Order of Protection.

Because the government will not remove these matters from contention, it falls to the defense to dispel the prejudice inherent in the government's proof. Therefore, the defense respectfully requests that this Court rule the following evidence[1] will be admissible at trial:

- Evidence of the identity of Ms. Sharvez Howell and the fact that she filed ex parte for an Order of Protection on June 6, 2019;

- Motion to Dismiss the Order of Protection, filed by Ms. Howell on June 11, 2019, ART001-2, attached hereto as Exhibit B;

- Testimony of Chad Cleland and Certificate awarded to Mr. Thomas for completing a class in handgun training in the Ohio Concealed Carry Firearms Course on January 12, 2019, as described in the Declaration, ART003-5, attached hereto as Exhibit C;

- Certified Complaint and Docket from Case No. CRB16-07053 in which Ms. Howell was convicted of providing false information to a police officer based on her giving Detective Bocik a false name, age, and date

---

[1] The defense investigation on this matter continues and there may be additional evidence of this type forthcoming.

3

of birth when pulled over for driving without a license, ART006-7, attached hereto as Exhibit D1 and D2;

- Certified Complaint and Docket from Case No. CRB17-12396 in which Ms. Howell was convicted for falsely claiming that she was violated by two police officers when they arrested her for public intoxication posing risk of harm to others or property, ART008-10, attached hereto as Exhibit E1 and E2;

- Certified Complaint, Docket, and Court Proceedings from Case No. CRB19-06609 in which Ms. Howell was convicted of disorderly conduct for screaming, yelling, and being belligerent in public while intoxicated, ART0011-16, attached hereto as Exhibit F1, F2, and F3;

- Certified Complaint and Docket from Case No. CRB19-07727 in which Ms. Howell was convicted of disorderly conduct: fighting, threatening for striking the defendant, Mr. Thomas, in the face with a closed fist causing injury, ART0017-21, attached hereto as Exhibit G1 and G2.

Respectfully submitted,

s/Gregory Gilchrist
Gregory M. Gilchrist (97512)
2801 W. Bancroft St.
MS 507
Toledo, Ohio 43606
Tel: (419) 530-2712
Email:
greg.gilchrist.law@gmail.com
Attorney for Defendant

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Motion In Limine was electronically filed this 15th day of December, 2021. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt.

    Respectfully submitted,

    s/Greg Gilchrist
    Gregory M. Gilchrist (97512)
    2801 W. Bancroft St.
    MS 507
    Toledo, Ohio 43606
    Tel: (419) 530-2712
    Email:
    greg.gilchrist.law@gmail.com
    Attorney for Defendant