THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:20CR634 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | |
| ANDY ROSS THOMAS, | ) | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN *LIMINE* (DOC. 35 AND 36)** |
| | ) | |
| Defendant. | ) | |

Now comes the plaintiff, United States of America, by and through its counsel, Michelle M. Baeppler, Acting United States Attorney, and Matthew D. Simko, Assistant United States Attorney, and responds to Defendant Andy Ross Thomas' Motions in *Limine*, Doc. 35 and 36. Based on Evidence Rules 402 and 403, the Court should deny Thomas' motion and instruct him not to attempt to introduce his proposed evidence.

A defendant's knowledge about a firearms-prohibiting status is an essential element of an offense under 18 U.S.C. 922(a)(6)(false statement in connection with the purchase of a firearm) and 18 U.S.C. (g)(9)(possession of a firearm by a person subject to a court order)[1]. A defendant's knowledge of his or her status has always been an element of 18 U.S.C. 922(a)(6). A defendant's knowledge of his or her status under 18 U.S.C. 922(g)(9) was only recently required when the United States Supreme Court decided *Rehaif v. United States*, 139 S.Ct. 2191 (2019). In *Rehaif*,

---

[1] The *mens rea* requirement is now a part of every prohibiting status under 18 U.S.C. 922(g).

1

the Supreme Court ruled that a defendant need only know about the existence of his or her status (felon, alien, protection order, etc.) not that he or she could not possess a firearm. Sixth Circuit Pattern Instruction, 12.01, Committee Commentary Instruction 12.01, p. 8.

Often, and to avoid the jury learning about the facts of the underlying prohibiting status, the parties agree to a stipulation agreeing a defendant knows about his or her prohibiting status.[2] The stipulation is read and no further description about the status or the facts underlying the status are discussed with the jury. When a stipulation cannot be agreed to, the burden is on the government to prove, beyond a reasonable doubt, that a defendant knew about his or her status.

In this case, Thomas is indicted with one count of making a false written statement on a background form (ATF Form 4473) while attempting to purchase a firearm and one count of possessing a firearm while being subject to a court order that prohibited his possession of a firearm. As to the first count, the allegations are that Thomas answered that he was not subject to a court order on the background form when, in fact, he knew he was. The allegations of count two are that Thomas possessed a firearm when he knew he was subject to a protection order.

The government has learned from defense counsel that he intends to argue that Thomas did not know, on April 30, 2020, about the protection order or that there is insufficient evidence to prove that he had knowledge of the order. In response, the government has assembled evidence that it will introduce that includes the order itself and the events between June 19, 2019 (date of order) and April 30, 2020, in Thomas' life that reminded him about the existence of the order: the hearing he attended when the order was issued, his arrest and time in custody for violating the

---

[2] The parties have attempted to reach a stipulation; however, the stipulation Thomas proposes does not cover the government's required element (knowledge of his status) and requires that the government agree to irrelevant facts.

2

order, his payment to a bondsmen for release, and his multiple scheduled appearances in court. Significantly, the government does not intend to introduce the underlying facts that gave rise to the protection order or the underlying facts that gave rise to Thomas' arrest for violating the order. These events are <u>irrelevant</u> to Thomas' knowledge about the existence of the order, or any other element of the offense, and irrelevant evidence is prohibited from admission. Evid.R. 402 ("Irrelevant evidence is not admissible.").

Thomas, alternatively, intends to introduce events unrelated to any element of the indictment to prove Thomas' good character. (Doc. 36). He intends to do that by introducing testimony and certificates from a firearms class he took months prior to being subject to the protection order and bad acts allegedly committed by the petitioner years prior to, and during, the existence of the order. Finally, he intends to introduce evidence of the fact that he was not convicted of violating the protection order months after the events that give rise to this case.

Thomas' motive-good, benign, or bad-for attempting to purchase or possessing a firearm while subject to a protection order is irrelevant. The motive of the petitioner of the protection order is likewise irrelevant. Indeed, Thomas himself admits the evidence is irrelevant: "The defense is in a difficult position because everyone agrees that whether or not he was abusive in any way to [petitioner] is entirely irrelevant to the issue before the jury…]. Doc. 35, Motion in *Limine*, PageID# 173. Alternatively, evidence of these acts should be prohibited because it will confuse the issue and mislead the jury. Evid.R. 403. The only thing the jury needs to decide is whether Thomas knew he was subject to the order when he filled out ATF From 4473 and when he possessed the firearm.

Therefore, because Thomas' evidence and theory is irrelevant or will confuse and/or mislead the jury, the Court must exclude it under Evid.R. 402 and 403. The correct remedy for any perceived negative view of Thomas the government's evidence might create is to issue a limiting instruction directing the jury to consider the government's evidence only to decide whether Thomas knew of the existence of the protection order on April 30, 2020.

Respectfully submitted,

MICHELLE M. BAEPPLER
Acting United States Attorney

By: /s/ *Matthew D. Simko*
Matthew D. Simko (0086787)
Matthew.Simko@usdoj.gov
Assistant United States Attorneys
Four Seagate, Third Floor
Toledo, Ohio 43604
Tel.: (419) 259-6376