UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                      Case No. 3:20-cr-634

        Plaintiff,

   v.                                             MEMORANDUM OPINION
                                                     AND ORDER

Andy Ross Thomas,

        Defendant.


### I. INTRODUCTION

Defendant Andy Ross Thomas has filed two liminal motions. The first seeks a ruling on the relevance of two groupings of evidence: (1) "Thomas' reasons for wanting to purchase a firearm," and (2) the "truthfulness of the allegations giving rise to the Order of Protection and Mr. Thomas' arrest for violating the Order on 7/4/19 . . . ." (Doc. No. 35). In his second motion, Thomas requests that I rule specific pieces of evidence within these two groupings will be admissible at trial. (Doc. No. 36). The government has filed a brief in opposition, (Doc. No. 52), as well as its own liminal motion seeking to prohibit any arguments by Thomas which "suggest[] the government has targeted the defendant or that the government has wasted resources by prosecuting the defendant." (Doc. No. 50 at 1). Thomas filed a brief in opposition to the government's motion and in reply to his own motions. (Doc. No. 52). For the reasons stated below, I grant Thomas' motions in part and deny them in part, and deny the government's motion without prejudice.

## II. BACKGROUND

In April 2020, Thomas attempted to purchase a firearm from a local firearms dealer. As part of the purchase, Thomas filled out a required Firearms Transaction Record form ("ATF Form 4473") used to determine whether a potential firearms purchaser is prohibited from state or federal law from obtaining a firearm. The government alleges Thomas knowingly provided a false answer in response to a question on the ATM Form 4473 "to the effect that . . . he was not the subject of any court order restraining him from harassing[,] threatening[,] or stalking an intimate partner," in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). (Doc. No. 23 at 1). The government also alleges Thomas knowingly possessed a firearm filed subject to a court protection order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). (*Id.* at 2).

## III. ANALYSIS

The law separates materials, testimony, and other evidence into two categories – relevant and irrelevant. Evidence is relevant to the proceedings before a court if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Relevant evidence is admissible unless it otherwise is prohibited by the Federal Rules of Evidence, federal law, or the United States Constitution, *id.*, or "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### A. The Order of Protection

Thomas initially sought an order declaring that "[e]vidence about the truthfulness of the allegations giving rise to the Order of Protection and Mr. Thomas' arrest for violating the Order on 7/4/19, including but not limited to evidence about . . . [Thomas' former girlfriend, Sharvez]

2

Howell's character for truthfulness," is relevant and admissible at trial. (Doc. No. 35 at 6). He subsequently moved for a ruling that specific evidence is admissible, including evidence concerning Howell's convictions for providing false information to a police officer, making a false claim of police misconduct, and disorderly conduct. (Doc. No. 36 at 3-4). I deny Thomas' motions on this basis because this evidence is not relevant.

Thomas expresses concern that, if the government offers evidence of Thomas' arrest on July 4, 2019, for violating the protection order and the subsequent court proceedings following that arrest, "the government necessarily puts at issue the entirety of the domestic dispute between Ms. Howell and Mr. Thomas." (Doc. No. 35 at 3). In Thomas' view, the government's evidence raises the possibility that the jury convict him "based on mere speculation about [his] character." (Doc. No. 36 at 2).

Thomas' concern is understandable. As the government no doubt would concede, if a jury convicts Thomas at trial, it must do so based upon the material evidence presented and not due to any personal animosity or prejudice directed at Thomas. But Thomas has identified no legal basis to support his implicit argument that the protection order should not have been issued, and he should not have been arrested for violating that order, because Howell's allegations against him had no credibility.

Indeed, "the overwhelming weight of federal case law" is to the contrary, precluding "a defendant in a § 922(g)(8) prosecution from mounting a collateral attack on the merits of the underlying state protective order." *United States v. Reese*, 627 F.3d 792, 804 (10th Cir. 2010). While Thomas frames the issue as one of potential prejudice, the substance of his proposed evidence suggests both the court that issued the protection order and the officers that arrested him should have concluded Howell's allegations were not reliable. But "nothing in the language of 18 U.S.C. § 922(g)(8) indicates that it applies only to persons subject to a *valid,* as opposed to an *invalid,*

3

protective order." *United States v. Hicks*, 389 F.3d 514, 535 (5th Cir. 2004) (emphasis in original). In short, as the Sixth Circuit has held, "[r]egardless as to how [a defendant] became subject to a domestic violence protection order, he attained that status and thus must comply with § 922(g)(8)." *United States v. Baker*, 197 F.3d 211, 217 (6th Cir. 1999).

The same point holds true as to Count I, which charges Thomas with "knowingly . . . mak[ing] any false or fictitious . . . written statement . . . intended or likely to deceive . . . [a] dealer . . . with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition." 18 U.S.C. § 922(a)(6). The pertinent question is whether Thomas knowingly made a false statement as to whether he was subject to any court protection order, not whether he believed he was subject to a valid court protection order.

Therefore, I conclude Thomas may not present "evidence about the truthfulness of the allegations giving rise to the Order of Protection and Mr. Thomas' arrest for violating the Order on 7/4/19," (Doc. No. 35 at 3), or specific evidence of Howell's prior convictions. (Doc. No. 36).

**B.     Thomas' Reasons for Purchasing a Firearm**

Thomas also seeks to offer evidence and argument that he "had interest in and experience with firearms that predated the domestic issues and that his desire to purchase a gun in April 2020 had no connection to his troubled history with Ms. Howell." (Doc. No. 35 at 3-4). The government argues I should not permit Thomas to do so, because "Thomas' motive – good, benign, or bad – for attempting to purchase or possessing a firearm while subject to a protection order is irrelevant" and would confuse or mislead the jury. (Doc. No. 49 at 3-4).

As the government concedes, defendants often stipulate that they know about their prohibited status because introducing evidence about the circumstances leading to the defendant's prohibited status would create a risk of prejudice. (Doc. No. 49 at 2 (noting the parties often agree to a stipulation "to avoid the jury learning the facts of the underlying prohibiting status")). While

4

courts faced with this situation often instruct the jury they may only convict a defendant based on the evidence, and not based upon a negative view of the defendant arising from the underlying prohibited status, I agree with Thomas that a limiting instruction is not sufficient in this case.

The government intends to offer evidence to show Thomas knew of, and was reminded of, the existence of the protection order based upon various events occurring between June 2019 and April 2020. (Doc. No. 49 at 2-3). This showing necessarily involves evidence that: (i) the protection order restrained Thomas from harassing, stalking, or threatening an intimate partner, or engaging in conduct which placed an intimate partner in reasonable fear of bodily injury, 18 U.S.C. § 922(g)(8); and (ii) Thomas was arrested for allegedly violating the order.

As Thomas suggests, prejudice is "inherent" in evidence which raises the possibility of a connection between intimate partner violence and the purchase of a firearm. (Doc. No. 36 at 3). Therefore, I conclude Thomas may offer evidence that he completed a course on firearms training and safety in January 2019, for the limited purpose of rebutting the potential inference from the evidence that Thomas sought to obtain a firearm solely to potentially do harm to Howell.

### C.     Jury Nullification

Finally, the government seeks an order prohibiting Thomas from making "any argument that suggests the government has targeted the defendant or that the government has wasted resources by prosecuting the defendant." (Doc. No. 50 at 1). Thomas represents he will not raise these arguments, (*see* Doc. No. 52 at 4), and, therefore, I deny the government's motion without prejudice.

5

## IV. CONCLUSION

For the reasons set forth above, I grant Thomas' motions in part and deny them in part, and deny the government's motion without prejudice. (Doc. Nos. 35, 36, and 50).

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge