UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                          Case No. 3:20-cr-634

        Plaintiff,

v.                                                             ORDER

Andy Ross Thomas,

        Defendant.

Trial in this matter began with jury selection on June 13, 2022. At the close of the government's case, Defendant Andy Ross Thomas filed a motion for a judgment of acquittal pursuant to Rule 29(a). (Doc. No. 69). He subsequently renewed his motion at the close of all of the evidence. Under Rule 29, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

Thomas contends he is entitled to a judgment of acquittal as to both counts charged in the indictment because the government did not offer evidence that the June 14, 2019 Order of Protection issued by the Court of Common Pleas, Division of Domestic Relations, of Lucas County, Ohio, meets the definition of a qualifying court protection order as set forth in 18 U.S.C. § 922(g)(8). (*Id.* at 2-3). Section 922(g)(8) provides, in part, that an individual may not possess a firearm if he is subject to a court protection order that "by its terms explicitly prohibits the use, attempted use, or

threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury." 18 U.S.C. § 922(g)(8)(C)(ii). The June 14 Order of Protection stated Thomas "shall not abuse, harm, attempt to harm, threaten, follow, stalk, harass, force sexual relations upon, or commit sexually oriented offenses against the protected persons named in this Order." (Gov't Ex. 10).

In Thomas' view, Congress' use of the language "by its terms explicitly" demonstrates the legislative intent to limit the reach of § 922(g)(8) to only those court protection orders that use the specific phrase which follows that opening language – an order that "prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury." (*See* Doc. No. 69 at 3).

But, as Thomas concedes, the Circuit Courts of Appeal to consider this question have concluded the phrase "by its terms explicitly" does not convert the language that follows into terms of art. Rather, as the Fifth Circuit has held, "if the commonly understood definitions of terms in the protective order include acts involving 'physical force,' the protective order is sufficient to support a conviction under § 922(g)(8)(C)(ii)." *United States v. McGinnis*, 956 F.3d 747, 760 (5th Cir. 2020), *cert. denied,* 141 S. Ct. 1397 (2021). *See also United States v. Bostic*, 168 F.3d 718, 722 (4th Cir. 1999); *United States v. Coccia*, 446 F.3d 233, 241-42 (1st Cir. 2006); and *United States v. DuBose*, 598 F.3d 726, 731 (11th Cir. 2010) (per curiam).

I agree with the reasoning of these Courts of Appeal and conclude the language used in § 922(g)(8)(C)(ii) must be interpreted using "the 'ordinary, contemporary, common meaning' of its words." *Id.* at 731 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). I further conclude the use of the word "abuse" in the June 14 Order of Protection is sufficient to satisfy the requirements of § 922(g)(8)(C)(ii). *See Coccia*, 446 F.3d at 242 ("[T]he commonly understood definition of 'abuse' includes violent acts involving physical force within the definition.").

For these reasons, I conclude Thomas has not met his burden to show the evidence is insufficient to sustain a conviction and deny his motion for a judgment of acquittal. (Doc. No. 69).

So Ordered.

                                                                 s/ Jeffrey J. Helmick
                                                                 United States District Judge